## Burke v. Commonwealth.

October 5, 1948.

W. A. Daugherty for appellant.

A. E. Funk, Attorney General, and Walter C. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Under a charge of murdering Denver Smallwood the appellant, Fred Burke, was found guilty of voluntary manslaughter and sentenced to five years in prison. On this appeal he is insisting that the evidence was insufficient to warrant the submission of the case to the jury.

Fred Burke and his wife, Marie, were working for Elmer Vanover in a small grocery store and restaurant at Dorton, Kentucky, in November, 1946. When Burke and Vanover closed the place of business on the night of November 25th, they went by Burke's home to a place operated by Bob Waynor, where they stayed until about 2:00 a. m. As they were returning from Waynor's place Mrs. Burke met them and told them that someone was breaking into Vanover's store. Burke took Vanover's keys, stopped by his home and got his .38 pistol and rushed to the store building. As he approached it he saw several persons running from the building and he fired some shots in an unsuccessful attempt to stop

them, so he said. When he reached the building he found that the lock had been broken on the front door. Denver Smallwood was sitting on the counter with no clothes on, except his shorts, and in the act of taking off his shoes. Smallwood's clothing was piled on the floor near where he was sitting. When asked on cross examination about Smallwood's condition at the time he found him in the store, Burke said that he was either drunk or crazy, and that he knew Smallwood had been drinking. Burke testified that, about the time his wife and Vanover reached the store, Smallwood broke away and ran out into the dark. Mrs. Burke said, however, that Smallwood "looked around and walked out the door." Apparently, no one made an attempt to stop him at that time. Nothing was stolen from the store. Burke went to the home of a deputy sheriff and told him what had happened. He and the officer returned to the store and after learning that Smallwood had gone toward the upper end of the camp they went in that direction. When they approached Viney Smallwood's home the deceased jumped from the porch and ran on through the camp. According to the weight of the proof the deputy sheriff fired two shots into the ground and said, "Help me catch him." Burke said that he and the officer ran after Smallwood and both were firing their pistols in an effort to stop him. The weight of the evidence shows, however, that Burke was the only one who pursued Smallwood and that when he was out of sight a number of shots were heard; and that, when the officer and other parties arrived upon the scene, Burke was standing by the side of Smallwood, who had a mortal wound in his side. There is conflicting proof as to how many bullets Burke had in his possession, but there is evidence tending to show the correctness of the officer's statement to the effect that Burke reloaded his gun before they proceeded to the home of Viney Smallwood.

The appellant contends that he was deputized to make an arrest, and that a citizen making an arrest may use such force as is necessary to capture a felon, even to the point of killing him in flight. In support of his contention he cites Sections 37, 43 and 44 of the Criminal Code of Practice. Crawford v. Commonwealth, 241 Ky. 391, 44 S. W. 2d 286. On the other hand, the Commonwealth contends that the facts and circumstances show

that the essential element of intent is lacking, and that at most it was only shown that Smallwood had committed a trespass or misdemeanor. True it is that he was found in the store building, but there was no proof showing that he had broken the lock on the door, nothing was stolen from the store, and when Burke found Smallwood he was apparently in the act of undressing. We have noted also that Burke said Smallwood was either drunk or crazy, and that Mrs. Burke said that when she and Vanover reached the store Smallwood walked out. Burke did not see Smallwood commit a felony, and he did not shoot him as he was leaving the store. He had no more reason to believe that Smallwood had broken the lock on the door than had one of the other persons who were seen when he first approached the store.

The Commonwealth insists that the Crawford case relied upon by appellant is not in point. It is urged that Smallwood was not in the act of committing a felony at the time he was shot and that the facts and circumstances were such that Burke was not justified in assuming that he had committed one. It is pointed out also that the Crawford case dealt with a situation where the appellant killed a Negro who offered resistance when confronted with a rape charge, and who had fired first at the appellant.

We conclude from our review of the case that the judgment should be and it is affirmed.